UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust<br><br>Plaintiff<br><br>vs.<br><br>James F. O'Loughlin and<br>Joanne T. O'Loughlin<br><br>Defendants<br><br>Household Finance Corp. II<br><br>Party-in-Interest | CIVIL ACTION NO:<br><br><br>COMPLAINT OF FORECLOSURE AND REFORMATION OF PROPERTY DESCRIPTION<br><br><br>RE:<br>53 Buttonwood Road, South Berwick, ME 03908<br><br>MORTGAGE:<br>October 18, 2005<br>Book 14641, Page 793 |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, James F. O'Loughlin, III, and Joanne T. O`Loughlin, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a LRSA executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, in which the Defendants, James F. O'Loughlin, III, and Joanne T. O`Loughlin, are the obligor and the total amount owed under the terms of the LRSA is Three Hundred Forty One Thousand Seven Hundred Ninety One Dollars and Twenty Two Cents ($341,791.22), plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 13801 Wireless Way, Oklahoma City, Oklahoma 73134.

5. The Defendant, James F. O`Loughlin III, is a resident of South Berwick, County of York and State of Maine.

6. The Defendant, Joanne T. O`Loughlin, is a resident of South Berwick, County of York and State of Maine.

7. The Party-in-Interest, Household Finance Corp. II, is located at 577 Lamont Road, Elmhurst, IL 60126.

## FACTS

8. On June 28, 2002, by virtue of a Warranty Deed from James Martin, which is recorded in the York County Registry of Deeds in **Book 11783, Page 221**, the property situated at 53 Buttonwood Road, County of York, and State of Maine, was conveyed to the Defendants, James F. O'Loughlin, III, and Joanne T. O`Loughlin, being more particularly described by the attached legal description. *See* Exhibit A and Exhibit B (a true and correct copy of the legal description are attached hereto and incorporated herein).

9. On October 18, 2005, the Defendants, James F. O'Loughlin, III, and Joanne T. O`Loughlin, executed and delivered to Household Finance Corporation II a certain Loan Repayment and Security Agreement (hereinafter referred to as "LRSA") in the amount of $241,577.54. Debtors' personal liability is limited and/or extinguished by any bankruptcies filed and/or which resulted in bankruptcy discharge(s). *See* Exhibit C (a true and correct copy of the LRSA is attached hereto and incorporated herein).

10. To secure said LRSA, on October 18, 2005, the Defendants executed a Mortgage Deed in favor of Household Finance Corporation II, securing the property located at 53 Buttonwood Road, South Berwick, ME 03908 which Mortgage Deed is recorded in the York County Registry of Deeds **in Book 14641**, **Page 793**. See Exhibit D (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust by virtue of an Assignment of Mortgage dated October 30, 2017 and recorded in the York County Registry of Deeds in **Book 17601, Page 673**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. On November 30, 2017, the Defendants, James F. O'Loughlin, III, and Joanne T. O`Loughlin, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter").  *See* Exhibit F (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

13. The Demand Letter informed the Defendants, James F. O'Loughlin, III, and Joanne T. O`Loughlin, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter.  *See* Exhibit F.

14. The Defendants, James F. O'Loughlin, III, and Joanne T. O`Loughlin, have failed to cure the default prior to the expiration of the Demand Letter.

15. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the present holder of the LRSA pursuant to endorsement by the previoius holder (if applicable), payment of value, transfer of rights and physical possession of the LRSA in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).  As such, the Plaintiff has the right to foreclose upon the subject property.

16. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the lawful holder and owner of the LRSA and Mortgage.

17. Household Finance Corp. II is a Party-in-Interest pursuant to a Mortgage in the amount of $11,000.00 dated March 13, 2007, and recorded in the York County Registry of Deeds in **Book 15112, Page 964** and is in second position behind Plaintiff's mortgage.

18. The total debt owed under the LRSA and Mortgage as of March 28, 2018, if no payments are made, is Three Hundred Forty One Thousand Seven Hundred Ninety One Dollars and Twenty Two Cents, ($341,791.22), which includes unpaid principal balance in the amount of Two Hundred Twenty Thousand Four Hundred Twenty Eight Dollars and Eighty Nine

Cents ($220,428.89); Accrued Interest in the amount of Seventy Nine Thousand Six Hundred Fifty Two Dollars and Forty Six Cents ($79,652.46); Escrow/Impound Required in the amount of Three Thousand Seven Hundred Sixty One Dollars and Thirty Three Cents ($3,761.33); Deferred Amounts in the amount of Nineteen Thousand Seven Hundred Eighty Six Dollars and Sixty Two Cents ($19,786.62) and Total Advances in the amount of Eighteen Thousand One Hundred Sixty One Dollars and Ninety Two Cents ($18,161.92).

19. Upon information and belief, the Defendants, Joanne T. O`Loughlin and James F. O`Loughlin III, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

20. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, repeats and realleges paragraphs 1 through 19 as if fully set forth herein.

21. This is an action for foreclosure respecting a real estate related Mortgage and title located at 53 Buttonwood Road, South Berwick, County of York, and State of Maine. *See* Exhibit A.

22. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the holder of the LRSA referenced in Paragraph 9 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid LRSA in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, has the right to foreclosure upon the subject property.

23. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the current owner and investor of the aforesaid Mortgage and LRSA.

24. The Defendants, James F. O'Loughlin, III, and Joanne T. O`Loughlin, are presently in default on said Mortgage and LRSA, having failed to make the monthly payment due May 24, 2012, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and LRSA.

25. The total debt owed under the LRSA and Mortgage as of March 28, 2018, if no payments are made, is Three Hundred Forty One Thousand Seven Hundred Ninety One Dollars and Twenty Two Cents, ($341,791.22), which includes unpaid principal balance in the amount of Two Hundred Twenty Thousand Four Hundred Twenty Eight Dollars and Eighty Nine Cents ($220,428.89); Accrued Interest in the amount of Seventy Nine Thousand Six Hundred Fifty Two Dollars and Forty Six Cents ($79,652.46); Escrow/Impound Required in the amount of Three Thousand Seven Hundred Sixty One Dollars and Thirty Three Cents ($3,761.33); Deferred Amounts in the amount of Nineteen Thousand Seven Hundred Eighty Six Dollars and Sixty Two Cents ($19,786.62) and Total Advances in the amount of Eighteen Thousand One Hundred Sixty One Dollars and Ninety Two Cents ($18,161.92).

26. The record established through the York County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

27. By virtue of the Defendants' breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

28. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendants, James F. O'Loughlin, III, and Joanne T. O`Loughlin, on November 30, 2017, as evidenced by the Certificate of Mailing. *See* Exhibit F.

29. The Defendants, James F. O'Loughlin, III, and Joanne T. O`Loughlin, are not in the Military as evidenced by the attached Exhibit G.

## COUNT II – REFORMATION OF MORTGAGE

30. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, repeats and re-alleges Paragraphs 1 through 29 as if fully set forth herein.

31. On June 28, 2002, James Martin conveyed the subject property to the Defendants, James F. O'Loughlin, III and Joanne T. O'Loughlin by virtue of a Warranty Deed, which is recorded in the York County Registry of Deeds in **Book 11783, Page 221.**

32. On October 18, 2005, the Defendants, James F. O'Loughlin, III, and Joanne T. O'Loughlin, executed a Mortgage in favor of Household Finance Corporation II, which Mortgage is recorded in the York County Registry of Deeds in **Book 14641, Page 793.**

33. The Mortgage should have included the complete legal description attached hereto as Exhibit B.

## COUNT III – BREACH OF LRSA

34. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, repeats and re-alleges paragraphs 1 through 33 as if fully set forth herein.

35. On October 18, 2005, the Defendants, James F. O'Loughlin, III, and Joanne T. O`Loughlin, executed and delivered to Household Finance Corporation II a certain LRSA in the amount of $241,577.54.  *See* Exhibit C.

36. The Defendants, James F. O'Loughlin, III, and Joanne T. O`Loughlin, are in default for failure to properly tender the May 24, 2012 payment and all subsequent payments.  *See* Exhibit F.

37. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the proper holder of the LRSA and is entitled to enforce the terms and conditions of the LRSA due to its breach by the Defendants, James F. O'Loughlin, III, and Joanne T. O`Loughlin.

38. The Defendants, James F. O'Loughlin, III, and Joanne T. O`Loughlin, having failed to comply with the terms of the LRSA and Mortgage, are in breach of both the LRSA and the Mortgage.

39. The Defendants, James F. O'Loughlin, III, and Joanne T. O`Loughlin's breach is knowing, willful, and continuing.

40. The Defendants, James F. O'Loughlin, III, and Joanne T. O`Loughlin's breach has caused Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

41. The total debt owed under the LRSA and Mortgage as of March 28, 2018, if no payments are made, is Three Hundred Forty One Thousand Seven Hundred Ninety One Dollars and Twenty Two Cents, ($341,791.22), which includes unpaid principal balance in the amount of Two Hundred Twenty Thousand Four Hundred Twenty Eight Dollars and Eighty Nine Cents ($220,428.89); Accrued Interest in the amount of Seventy Nine Thousand Six Hundred Fifty Two Dollars and Forty Six Cents ($79,652.46); Escrow/Impound Required in the amount of Three Thousand Seven Hundred Sixty One Dollars and Thirty Three Cents ($3,761.33); Deferred Amounts in the amount of Nineteen Thousand Seven Hundred Eighty Six Dollars and Sixty Two Cents ($19,786.62) and Total Advances in the amount of Eighteen Thousand One Hundred Sixty One Dollars and Ninety Two Cents ($18,161.92).

42. Injustice can only be avoided by awarding damages for the total amount owed under the LRSA including interest, plus costs and expenses, including attorney fees.

## COUNT IV – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

43. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, repeats and re-alleges paragraphs 1 through 42 as if fully set forth herein.

44. By executing, under seal, and delivering the LRSA, the Defendants, James F. O'Loughlin, III, and Joanne T. O`Loughlin, entered into a written contract with Household Finance Corporation II who agreed to loan the amount of $241,577.54 to the Defendants. *See* Exhibit C.

45. As part of this contract and transaction, the Defendants, James F. O'Loughlin, III, and Joanne T. O`Loughlin, executed the Mortgage to secure the LRSA and the subject property. *See* Exhibit C.

46. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the proper holder of the LRSA and successor-in-interest to Household Finance Corporation II, and has performed its obligations under the LRSA and Mortgage.

47. The Defendants, James F. O'Loughlin, III, and Joanne T. O`Loughlin, breached the terms of the LRSA and Mortgage by failing to properly tender the May 24, 2012 payment and all subsequent payments. *See* Exhibit F.

48. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the proper holder of the LRSA, and is entitled to enforce the terms and conditions of the LRSA due to its breach by the Defendants James F. O'Loughlin, III, and Joanne T. O`Loughlin.

49. The Defendants, James F. O'Loughlin, III, and Joanne T. O`Loughlin, having failed to comply with the terms of the LRSA and Mortgage, are in breach of contract.

50. The Defendants, James F. O'Loughlin, III, and Joanne T. O`Loughlin, are indebted to U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust in the sum of Three Hundred Forty One Thousand Seven Hundred Ninety One Dollars and Twenty Two Cents

($341,791.22), for money lent by the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, to the Defendants.

51. Defendants James F. O'Loughlin, III, and Joanne T. O`Loughlin's breach is knowing, willful, and continuing.

52. Defendants James F. O'Loughlin, III, and Joanne T. O`Loughlin's breach has caused Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

53. The total debt owed under the LRSA and Mortgage as of March 28, 2018, if no payments are made, is Three Hundred Forty One Thousand Seven Hundred Ninety One Dollars and Twenty Two Cents, ($341,791.22), which includes unpaid principal balance in the amount of Two Hundred Twenty Thousand Four Hundred Twenty Eight Dollars and Eighty Nine Cents ($220,428.89); Accrued Interest in the amount of Seventy Nine Thousand Six Hundred Fifty Two Dollars and Forty Six Cents ($79,652.46); Escrow/Impound Required in the amount of Three Thousand Seven Hundred Sixty One Dollars and Thirty Three Cents ($3,761.33); Deferred Amounts in the amount of Nineteen Thousand Seven Hundred Eighty Six Dollars and Sixty Two Cents ($19,786.62) and Total Advances in the amount of Eighteen Thousand One Hundred Sixty One Dollars and Ninety Two Cents ($18,161.92).

54. Injustice can only be avoided by awarding damages for the total amount owed under the LRSA and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT V – QUANTUM MERUIT

55. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, repeats and re-alleges paragraphs 1 through 54 as if fully set forth herein.

56. Household Finance Corporation II, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, loaned Defendants, James F. O'Loughlin, III, and Joanne T. O`Loughlin, $241,577.54. *See* Exhibit C.

57. The Defendants, James F. O'Loughlin, III, and Joanne T. O`Loughlin, are in default for failure to properly tender the May 24, 2012 payment and all subsequent payments. *See* Exhibit F.

58. As a result of the Defendants' failure to perform under the terms of their obligation, the Defendants, James F. O'Loughlin, III, and Joanne T. O`Loughlin, should be required to compensate the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust.

59. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT VI – UNJUST ENRICHMENT

60. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, repeats and re-alleges paragraphs 1 through 59 as if fully set forth herein.

61. Household Finance Corporation II, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, loaned the Defendants James F. O'Loughlin, III, and Joanne T. O`Loughlin, $241,577.54. *See* Exhibit B.

62. The Defendants, James F. O'Loughlin, III, and Joanne T. O`Loughlin, have failed to repay the loan obligation.

63. As a result, the Defendants, James F. O'Loughlin, III, and Joanne T. O`Loughlin, have been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust as successor-in-interest to Household Finance Corporation II by having received the aforesaid benefits and money and not repaying said benefits and money.

64. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, upon the expiration of the period of redemption;

c) Reform the property description as found in the Mortgage to reflect the correct property description attached hereto as Exhibit B;

d) Find that the Defendants, James F. O'Loughlin, III, and Joanne T. O`Loughlin, are in breach of the LRSA by failing to make payment due as of May 24, 2012, and all subsequent payments;

e) Find that the Defendants, James F. O'Loughlin, III, and Joanne T. O`Loughlin, are in breach of the Mortgage by failing to make payment due as of May 24, 2012, and all subsequent payments;

f) Find that the Defendants, James F. O'Loughlin, III, and Joanne T. O`Loughlin, entered into a contract for a sum certain in exchange for a security interest in the subject property;

g) Find that the Defendants, James F. O'Loughlin, III, and Joanne T. O`Loughlin, are in breach of contract by failing to comply with the terms and conditions of the LRSA and Mortgage by failing to make the payment due May 24, 2012 and all subsequent payments;

h) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is entitled to enforce the terms and conditions of the LRSA and Mortgage;

i) Find that by virtue of the money retained by the Defendants, James F. O'Loughlin, III, and Joanne T. O`Loughlin, have been unjustly enriched at the Plaintiff's expense;

j) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, to restitution;

k) Find that the Defendants, James F. O'Loughlin, III, and Joanne T. O`Loughlin, are liable to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, for money had and received;

l) Find that the Defendants, James F. O'Loughlin, III, and Joanne T. O`Loughlin, are liable to the Plaintiff for quantum meruit;

m) Find that the Defendants, James F. O'Loughlin, III, and Joanne T. O`Loughlin, have appreciated and retained the benefit of the Mortgage and the subject property;

n) Find that it would be inequitable for the Defendants, James F. O'Loughlin, III, and Joanne T. O`Loughlin, to continue to appreciate and retain the benefit of the Mortgage, LRSA and subject property without recompensing the appropriate value;

o) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is entitled to restitution for this benefit from the Defendants, James F. O'Loughlin, III, and Joanne T. O`Loughlin;

p) Determine the amount due on said Mortgage and LRSA, including principal, interest, reasonable attorney's fees and court costs;

q) Additionally, issue a money judgment against the Defendants, James F. O'Loughlin, III, and Joanne T. O`Loughlin, and in favor of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, in the amount of Three Hundred Forty One Thousand Seven Hundred Ninety One Dollars and Twenty Two Cents (341,791.22), the total debt owed under the LRSA plus interest and costs including attorney's fees and costs;

r) For such other and further relief as this Honorable Court deems just and equitable.

        Respectfully Submitted,
        U.S. Bank Trust, N.A., as Trustee for LSF10
        Master Participation Trust,
        By its attorneys,

Dated: May 10, 2018

        /s/ John A. Doonan
        John Doonan, Esq. (BBO# 3250)
        Doonan, Graves & Longoria, LLC
        100 Cummings Center, Suite 225D
        Beverly, MA 01915
        (978) 921-2670